IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Cr. No. C-00-24 (1) |
| MITCHELL HAYWARD BAILEY, | § | |

| | | |
|---|---|---|
| MITCHELL HAYWARD BAILEY,<br>    Plaintiff, | § § § | |
| v. | § § | Civil Action No. **C-06-168** |
| UNITED STATES,<br>    Defendant. | § § § | |

### MEMORANDUM OPINION AND ORDER TO SEVER, ORDER OF REALIGNMENT OF PARTIES, AND ORDER FOR COMPLIANCE WITH PLRA

Mitchell Hayward Bailey was convicted and sentenced by this Court, and judgment was entered against him in his criminal case on June 1, 2000. (Cr. C-00-24, D.E. 43). Bailey unsuccessfully appealed. United States v. Bailey, No. 00-40662 (5th Cir. April 12, 2001). The Court has since denied a number of post-conviction motions, including multiple requests for relief pursuant to 28 U.S.C. § 2255. (See generally Cr. C-00-24, D.E. 69-113).

On April 6, 2006, the Clerk received a document from Bailey to be filed in his criminal case styled as a "Motion for Return of Property." (Cr. C-00-24, D.E. 114). In it, he seeks the return of properly he alleges was taken away during his arrest, which occurred on January 29, 2000 at the Falfurrias Border Patrol Checkpoint. Specifically, he claims that

$11,054 in cash, a radar detector, a black nylon athletic bag, a black leather bomber jacket, a pair of size 10 Tony Lamas black boots, a gold leaf bracelet, a Rolex white gold submariner watch, 3 gold and diamond rings, and 1 pair of Oakley sun glasses, were taken by the government and never returned. He argues that, although it was lawfully seized, the items, no longer has any evidentiary value and should be returned to him, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.

Rule 41(g), Fed. R. Crim. P., permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. United States v. Clymore, 217 F.3d 370, 373 & n.6 (5th Cir. 2000)(citing Pena v. United States, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).[1] Such a proceeding is a suit against the United States for property or money, and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. See id.

Because his motion is properly construed as a civil action, Plaintiff must comply with the Prison Litigation Reform Act (PLRA), and pay the $150 filing fee or submit an application for leave to proceed *in forma pauperis*, and his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. Pena, 122 F.3d at 4. Plaintiff has not complied with the requirements of the PLRA.

---

[1] Clymore and Pena both refer to Rule 41(e), Fed. R. Crim. P., but the rule was amended in December 2002, and subsection (e) was relettered as subsection (g) at that time. See Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.

In light of the foregoing, the following is ordered:

(1) The Clerk shall sever Bailey's motion (Cr. C-00-24, D.E. 114), and transfer the motion and this order to a civil case file, assigning a civil cause number to the proceedings. The parties shall be realigned, because defendant Bailey is the true plaintiff in this suit against defendant United States of America. All future pleadings related to Bailey's motion for return of properly shall be filed in the civil case file.

(2) Within thirty days of the entry of this order, Bailey shall either: (1) pay the $250 filing fee;[2] or (2) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the account balance as of April 6, 2006, as well as the deposits and average balance for the six months preceding that date. 28 U.S.C. § 1915. The Clerk shall mail to Bailey the appropriate forms. Failure to timely comply may result in dismissal of his cause for want of prosecution. Fed. R. Civ. P. 41.

ORDERED this 12 day of April, 2006.

/s/ Hayden Head
HAYDEN HEAD
CHIEF JUDGE

---

[2] Although the civil filing fees have since increased to $350, the fee was $250 on the date Bailey filed his motion for return of property, April 6, 2006. The filing fee for this action, initiated by his motion, therefore, is $250.